STELLA G. CHAPMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chapman v. Commissioner
Docket Nos. 9381-80, 15287-81.
United States Tax Court
T.C. Memo 1982-695; 1982 Tax Ct. Memo LEXIS 60; 45 T.C.M. (CCH) 238; T.C.M. (RIA) 82695; November 29, 1982. Taylor W. O'Hearn, for the petitioner. Elizabeth M. Fasciana, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: * The evidence in this case consists of two stipulations, the exhibits attached thereto, and the admitted allegations of the pleadings, all of which are incorporated herein by reference. The issue for decision is whether petitioner is liable for income tax on her share of the community income earned by her husband during 1976 and 1977, as determined by respondent's projection of average income from earlier years adjusted for inflation. *61 At all times material hereto, including the time when the petition was filed and when this case was heard, petitioner was married to and resided with Howard Leon Chapman in Shreveport, Louisiana. For the years 1973, 1974, and 1975, petitioner and her husband filed joint income tax returns. For the years 1976 and 1977, petitioner timely filed tax returns as a married person filing separately with the Internal Revenue Service Center at Austin, Texas. Each of the joint returns for the years 1973, 1974, and 1975 contained two Schedule C's reporting profit from businesses operated by petitioner and her husband. For each year one Schedule C reported earnings of petitioner's husband from his business of podiatry. The other Schedule C reported earnings from a business known as Treadeasy Shoe Store, operated by petitioner as her separate property. Petitioner and her husband did not, at any time prior to December 31, 1977, in any manner permitted by Louisiana law, renounce the regime of community of acquets and gains. On March 24, 1980, respondent issued a notice of deficiency with respect to the year 1976, in which it was determined that tax of $1,568 was due on additional income *62 of $4,332.63. Attached to said notice was a statement as follows: TAXABLE YEAR ENDED DECEMBER 31, 1976 a) It is determined that you earned $4,332.63 from your one-half interest in a podiatry business which you did not report on your return. Therefore, your taxable income is increased by $4,332.63. The additional income is computed as follows: 1973 joint taxable income
$18,692.19
1974 joint taxable income
$25,798.07
1975 joint taxable income
$26,403.81
$70,894.07
Inflation rate (10% X 3 years)
X 130%
$92,162.29
Divided by 3 years
/ 3
Yearly average
$30,720.76
Stella Chapman's 1/2 interest
X 1/2
Stella Chapman's share of income
$15,360.38
Less: income reported
$11,027.75
Additional income
$ 4,332.63
On April 10, 1981, respondent issued a notice of deficiency in which it was determined that additional tax of $6,178.03 was due for the year 1977. Attached to the notice was an explanatory statement as follows: TAXABLE YEAR ENDED DECEMBER 31, 1977 Computation of Additional Community Income: Net profit as reported on Schedule C from Dr. Chapman's Medical Business - 1973
$15,172.00
1974
$21,055.00
1975
$25,292.00
Total
$61,519.00
Divided by 3 years
/3
Yearly Average
$20,506.33
*63 Projection based on the inflation rate increase -
Consumer price index for 1977 -
202.4
Divided by the median year -
1974 price index -
150.5
Inflation Rate Factor
x 134%
Net profit for the year 1977 as determined
for Dr. Chapman's Medical Business
$27,478.48
Community Split
50%
Stella Chapman's Share of Community Income
$13,739.24
Additional adjustments made with respect to 1977 included disallowance of one-half of itemized deductions claimed by petitioner on the ground that her community share of the deductions was only one-half of the amount she had claimed on her separate return. Petitioner denies knowledge of whether or not her husband filed returns for 1976 and 1977 [1] and, in any event, petitioner is not in control of any evidence of her husband's income for those years. To the best of her knowledge and belief, however, petitioner's husband continued to be a self-employed podiatrist engaged in such practice during those years. *64 During the course of these proceedings, respondent attempted to secure through discovery information concerning the income earned from the husband's podiatry business. Petitioner did not produce any such records, contending that she had no ability to do so. There is no explanation in the record as to why neither party subpoenaed petitioner's husband. Since he resided with petitioner, she presumably had the ability, if not the desire, to do so. Petitioner argues that she is erroneously being compelled to pay from her separate income a debt attributable to her husband. She overlooks the fact that she is being taxed only on half of his earnings and because she is the legal owner of that share. The thrust of her argument is that she should not be responsible for the tax on any portion of her husband's earnings because she has no knowledge of or control over such earnings. She has not explained her failure to assert her legal rights to information and to her share of community income, although we infer that she wants to minimize strife in a marriage which has prevailed since 1940. There is no legal support for petitioner's position. There is, however, substantial and controlling *65 authority to the contrary. Federal tax liability follows ownership as determined by state law, and Louisiana law gives each spouse ownership of one-half of community income. A married person is personally liable for Federal income tax on his or her share of community income and must report that income on a separate tax return if no joint return is filed. These principles apply even where the result seems inequitable. United States v. Mitchell,403 U.S. 190 (1971); Brent v. Commissioner,630 F.2d 356 (5th Cir. 1980), reversing on other grounds 70 T.C. 775 (1978); Bagur v. Commissioner,603 F.2d 491 (5th Cir. 1979), remanding on other grounds 66 T.C. 817 (1976) and a Memorandum Opinion of this Court. [2]
*66 Although petitioner asserts that "to place the responsibility of * * * [the] deficiency on her is contrary to the purpose of Internal Revenue Code Section 6013," [3] that section, by its express terms, applies only to situations where joint returns have been filed. The purpose of that section, known as the "innocent spouse" provision, is to alleviate inequities arising out of joint and several liability for tax, interest and additions to tax on the aggregate income of the parties to a joint return. See section 6013(d)(3); S. Rept. No. 91-1537 (1970), 1971-1 C.B. 606-607. The same considerations do not apply to a situation where the tax is only assessed with respect to that portion of income that legally belongs to petitioner. Petitioner has not disputed the facts underlying respondent's method of determining her husband's income, nor has she offered any evidence that would sustain her burden of overcoming the presumption of correctness of respondent's determination of the amount of *67 income. Rule 142(a), Tax Court Rules of Practice and Procedure. Because respondent used a reasonable method of determining the community income and petitioner has not produced any evidence to the contrary, Decision will be entered for the respondent.
Footnotes
*. By order of the Chief Judge, this case was reassigned from Judge Samuel B. Sterrett to Judge Mary Ann Cohen↩ for disposition.
1. Respondent argues that the projection method of determining the community income from petitioner's husband's podiatry business was necessitated by reason of the husband's failure to file returns. There is, however, no evidentiary basis for a finding on this issue or for certain other factual assertions about the husband in respondent's brief.↩
2. See also Hall v. Commissioner,T.C. Memo. 1980-419. Subsequent to the years in issue, Louisiana law was amended. Each spouse, however, still owns a present undivided one-half interest in the community property, and the community property includes property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse. La. Civ. Code arts. 2336, 2338↩.
3. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩